# **Exhibit C**

**(P. del S. 211)**

# LEY

Para crear la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF); a los fines de disponer las facultades de la Autoridad para fiscalizar el cumplimiento del presupuesto certificado y plan fiscal aprobado a tenor con el *Puerto Rico Oversight, Management and Economic Stability Act of 2016*; delegar en la Autoridad la facultad de revisar asuntos tales como, pero sin limitarse a, contratos, transacciones y reglamentos de las agencias e instrumentalidades del Gobierno de Puerto Rico; disponer que será la Autoridad la única autorizada a renegociar, restructurar y/o llegar a un acuerdo con acreedores sobre toda o parte de la deuda pública o cualquier otra deuda emitida de cualquier ente del Gobierno, incluyendo pero sin limitarse a agencias, juntas, comisiones, instrumentalidades, corporaciones públicas o subdivisión política aplicable; disponer que el Director Ejecutivo de la Autoridad será el sucesor legal del Presidente del Banco Gubernamental de Fomento en toda Junta, Comité, Comisión o Consejo; derogar el Capítulo 6 de la Ley 21-2016, según enmendada; derogar la Ley Orgánica de la Junta de Supervisión Fiscal y Recuperación Económica de Puerto Rico, Ley 208-2015; y para otros fines relacionados.

## EXPOSICIÓN DE MOTIVOS

Al presente, Puerto Rico atraviesa una crisis fiscal y social monumental. Dicha crisis fue causada, en parte, por la ausencia de límites constitucionales apropiados para evitar los déficits del Gobierno Central, los problemas de liquidez provocados por el aumento de los niveles de deuda, el bajo crecimiento del Producto Interno Bruto (PIB) y la pérdida de confianza de los inversionistas en las políticas y acciones del Gobierno. En otras palabras, faltaron controles sobre el gasto, medidas de desarrollo sustentable y sistemas de información gerencial que promuevan claridad y transparencia en la gestión gubernamental.

La política pública de la pasada administración se centró en la renegociación de la deuda con énfasis en diferimiento de los pagos, lo que hubiese aumentado la carga de la deuda futura. Sin embargo, el tema de la reestructuración de la deuda fue una distracción de la necesidad urgente de reducir los gastos gubernamentales, los cuales superaron los ingresos por $6,000,000,000 en el año fiscal de 2013. El servicio de la deuda del Gobierno de Puerto Rico de alrededor de $3,000,000,000 es un poco más del 10% del gasto gubernamental total y la eliminación de la deuda por completo sólo reduciría el déficit operacional en un 50%.

Por otro lado, se implementaron medidas bajo la filosofía de *"primero impuestos y después recortes"*; por ejemplo, el aumento de Impuesto Sobre Ventas y Uso (el "IVU") de un 7% a un 11.5% y la aprobación de aumentos al arbitrio sobre el crudo. Esta filosofía propició la continuación del gasto desmedido y el rechazo a políticas públicas que hubiesen permitido manejar eficientemente los asuntos fiscales del Gobierno de Puerto Rico. Esto, sin haberse concretado las acciones necesarias para lograr una mayor eficiencia operacional en el Gobierno, ni recortes al excesivo gasto gubernamental.

e) **"Junta"** o **"Junta de Directores"** -significa la Junta de la Autoridad.

f) **"Ley"** -significa esta Ley de la Autoridad de Asesoría Financiera y Agencia Fiscal del Gobierno de Puerto Rico.

g) **"Ley 21"**- significa la Ley 21-2016, según enmendada, conocida como "Ley de Moratoria de Emergencia y Rehabilitación Financiera de Puerto Rico".

h) **"Persona"** -significa cualquier persona natural o jurídica, incluyendo, pero sin limitarse a, cualquier agencia gubernamental, departamento, instrumentalidad, corporación pública, municipio, junta, oficina, comisión o dependencia o cualquier persona pública o privada, empresa, asociación, sociedad, compañía, sociedad de responsabilidad limitada, asociación, o corporación, organizada y existente bajo las leyes de Puerto Rico, los Estados Unidos de América o cualquiera de sus estados, o de cualquier país extranjero, o cualquier combinación de los anteriores.

i) **"PROMESA"**: -significa la Ley Pública 114-187 de 30 de junio de 2016, denominada *Puerto Rico Oversight, Management, and Economic Stability Act*.

**Artículo 4.- Establecimiento**

Por la presente se crea la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico (AAFAF), como corporación pública e instrumentalidad del Gobierno, con existencia legal, fiscal y autonomía administrativa separada e independiente del Gobierno de Puerto Rico. La Autoridad existirá en perpetuidad, a menos que se termine mediante legislación.

La Autoridad será la sucesora, para todos los fines y propósitos, de la Autoridad de Asesoría Financiera y de Agencia Fiscal de Puerto Rico, creada por virtud del Capítulo VI de la Ley 21.

**Artículo 5.- Propósitos, Facultades y Poderes de la Autoridad**

(a) La Autoridad es creada con el propósito de que actúe como agente fiscal, asesor financiero y agente informativo de todos los entes del Gobierno de Puerto Rico y para asistir tales entidades en confrontar la grave crisis fiscal y emergencia económica por la que atraviesa Puerto Rico. La Autoridad será el ente gubernamental encargado de la colaboración, comunicación y cooperación entre el Gobierno de Puerto Rico y la Junta de Supervisión Fiscal, creada a tenor con PROMESA.

(b) A tales fines, la Autoridad estará facultada para colaborar junto con el Gobernador de Puerto Rico y sus representantes en la creación, ejecución, supervisión y fiscalización de cualquier Plan Fiscal (*Fiscal Plan*) y de cualquier Presupuesto (*Budget*), según dichos términos se definen en PROMESA. Asimismo, la Autoridad será el ente gubernamental encargado de la supervisión, ejecución y administración del Plan Fiscal aprobado y certificado a tenor con PROMESA y velará por que todos los entes del Gobierno de Puerto Rico cumplan con el Plan Fiscal, según este sea debidamente aprobado. En ese sentido, la Autoridad desarrollará un programa abarcador de auditoría operacional, gerencial y/o administrativa dirigido a supervisar el cumplimiento de todo ente del Gobierno de Puerto Rico con el Plan Fiscal aprobado en conformidad con PROMESA.

(c) La Autoridad tendrá todas las funciones de agente fiscal, asesor financiero y agente informativo que se le asignaban al Banco bajo la Ley Núm. 272 de 15 de mayo de 1945, según enmendada. La Autoridad supervisará todos los asuntos relacionados con la reestructuración, renegociación o ajuste de cualquier obligación existente o futura, y los planes de contingencia para cualquier obligación existente o futura del Gobierno de Puerto Rico. Asimismo, la Autoridad se convertirá en parte de, cualquier y todos los contratos entre el Banco y cualquier asesor, incluyendo

los asesores legales y financieros, aunque los salarios y los honorarios hayan sido incurridos antes de la fecha en que la Autoridad se convierta en parte, relacionados con la reestructuración o ajuste de las obligaciones del Gobierno de Puerto Rico en su capacidad de Asesor Financiero y Agente Fiscal. Cualquier referencia en alguna ley del Gobierno de Puerto Rico aprobada previo a la efectividad de esta Ley al (i) Banco, en su carácter de agente fiscal, asesor financiero o agente informativo del Gobierno de Puerto Rico, o en relación con cualquier operación que no sea una operación bancaria, incluyendo las funciones asignadas al Banco bajo la Ley 29-2009, según enmendada y la Ley 64-1996, según enmendada, se entenderá que se refiere y aplica a la Autoridad, y (ii) Presidente del Banco, que se refiera a funciones, responsabilidades o poderes de éste relacionados a las funciones de agente fiscal, asesor financiero o agente informativo del Gobierno de Puerto Rico y sus instrumentalidades y municipios o a cualquier operación del Banco que no sea una operación bancaria, incluyendo las funciones asignadas al Banco bajo la Ley 29-2009, según enmendada, se entenderá que se refiere al Director Ejecutivo de la Autoridad; disponiéndose, que, si surgiere alguna duda sobre si alguna disposición en una ley se refiere al Banco, en su carácter de agente fiscal, asesor financiero y agente informativo del Gobierno de Puerto Rico o a cualquier operación del Banco que no sea una operación bancaria, se podrá consultar al Secretario de Justicia del Gobierno de Puerto Rico sobre dicho asunto y se podrá descansar en cualquier interpretación que haga éste para propósitos de la interpretación de este inciso. Todo reglamento adoptado por el Banco previo a esta Ley en el ejercicio de sus funciones como agente fiscal, asesor financiero o agente informativo continuará en vigor luego de la aprobación de esta Ley hasta que estos sean enmendados o modificados por la Autoridad y cualquier referencia en esos reglamentos al Banco relacionada a las funciones de Banco como agente fiscal, asesor financiero o agente informativo del Gobierno de Puerto Rico se entenderá que es una referencia a la Autoridad.

   (d)  Con el fin de lograr estos propósitos, se le confiere a la Autoridad, y ésta tendrá y podrá ejercer, todos los derechos y poderes que sean necesarios o convenientes para llevar a cabo dichos propósitos, incluyendo, sin limitación, los siguientes–

  i.  adoptar, cambiar y usar un sello corporativo que será reconocido por los tribunales;

  ii.  formular, adoptar, enmendar y derogar estatutos para la administración de sus asuntos corporativos y aquellas normas, reglas y reglamentos que fueren necesarios o pertinentes para ejercitar y desempeñar sus funciones, poderes y deberes;

  iii.  tener dominio completo sobre todas sus propiedades;

  iv.  determinar el carácter y la necesidad de todos sus gastos, y el modo cómo los mismos deberán incurrirse, autorizarse y pagarse, sin tomar en consideración cualquier disposición de ley que regule los gastos de fondos públicos y tal determinación será final y definitiva para con todos los funcionarios del Gobierno de Puerto Rico, pero deberá adoptar reglas para el uso y desembolso de sus fondos y estará sujeta a la intervención de la Oficina del Contralor de Puerto Rico;

  v.  demandar y ser demandada bajo su propio nombre, querellarse y defenderse en todos los tribunales de justicia y cuerpos administrativos y participar en procedimientos de arbitraje comercial;

  vi.  negociar y otorgar, con cualquier persona, incluyendo cualquier agencia gubernamental, federal o estatal, todo tipo de contrato, incluyendo todos aquellos instrumentos y

acuerdos necesarios o convenientes para ejercer los poderes y funciones conferidos a la Autoridad por esta Ley;

vii. adquirir cualquier propiedad mediante cualquier forma legal;

viii. nombrar y destituir aquellos funcionarios, agentes, o empleados y conferirles aquellas facultades, imponerles aquellos deberes y fijarles, cambiarles y pagarles aquella compensación que la Autoridad determine;

ix. aceptar donaciones de cualquier persona, y utilizar el producto de cualesquiera de dichas donaciones para cualquier fin corporativo;

x. procurar seguros contra pérdidas en las cantidades y con los aseguradores que considere deseable, cuyo seguro podría incluir, sin que se entienda como una limitación, seguro contra responsabilidad civil de directores, oficiales, agentes y empleados;

xi. asumir cualquier y todo contrato del Banco o su sucesor y cualquier responsabilidad relacionada a dichos contratos;

xii. facultad de cobrar y recolectar cargos relacionados a su función como agente fiscal y asesor financiero;

xiii. ejercer todos aquellos otros poderes corporativos no incompatibles con los aquí expresados que por las leyes de Puerto Rico se confieren a las corporaciones privadas, y ejercer todos esos poderes, dentro y fuera de Puerto Rico, en la misma extensión que lo haría o podría hacerlo una persona natural, disponiéndose, que la Autoridad no tendrá autoridad legal para emitir bonos, notas u otra evidencia de deuda propietaria; sin embargo, la Autoridad será el principal asesor financiero en futuras emisiones de deuda de cualquier ente del Gobierno de Puerto Rico; y

xiv. realizar todos los actos o medidas necesarias o convenientes para llevar a cabo los poderes que se le confieren por esta Ley o por cualquier otra ley de la Asamblea Legislativa de Puerto Rico o del Congreso de los Estados Unidos.

**Artículo 6.- Junta de Directores**

(a) La Autoridad será dirigida por una Junta de Directores integrada por el Director Ejecutivo de la Autoridad, quien podrá ser su único miembro por un término máximo de cuarenta y cinco (45) días desde la aprobación de esta Ley. A partir de entonces, la Autoridad será dirigida por una Junta de Directores compuesta de cinco (5) miembros, incluyendo el Director Ejecutivo de la Autoridad nombrado por el Gobernador, un (1) representante del Senado de Puerto Rico y un (1) representante de la Cámara de Representantes de Puerto Rico, quienes serán designados por los Presidentes de cada Cuerpo Legislativo. Los dos miembros restantes serán nombrados por el Gobernador. En caso de vacantes, se harán las designaciones correspondientes en un término no mayor de cuarenta y cinco (45) días. Los miembros de la Junta de Directores, salvo los representantes de la Asamblea Legislativa, que sean nombrados por el Gobernador a su discreción, servirán a voluntad de éste y podrán ser removidos o reemplazados por el mismo en cualquier momento, con o sin causa. Los miembros de la Junta designados por los Presidentes de los Cuerpos Legislativos solo podrán ser removidos por éstos.

(b) La Junta seleccionará entre sus miembros a un presidente y un vicepresidente, que sustituirá al presidente en su ausencia, así como a un secretario; disponiéndose, que, si la Junta está compuesta de un solo miembro, dicho miembro fungirá como presidente y secretario de la Junta.