# **Exhibit E**

(P. de la C. 475)

18va ASAMBLEA 1era SESION
LEGISLATIVA ORDINARIA
Ley Núm. 37
(Aprobada en 24 de 04 de 2017)

# LEY

Para derogar el actual inciso (a) y sustituirlo por un nuevo inciso (a), derogar el actual inciso (b) y sustituirlo por un nuevo inciso (b), y enmendar los incisos (c) y (f), de la Sección 4 de la Ley Núm. 83 de 2 de mayo de 1941, según enmendada, conocida como la "Ley de la Autoridad de Energía Eléctrica de Puerto Rico", a los fines de reorganizar la Junta de Gobierno de la Autoridad de Energía Eléctrica de Puerto Rico; y para otros fines relacionados.

## EXPOSICIÓN DE MOTIVOS

La Autoridad de Energía Eléctrica (en adelante AEE o Autoridad) fue creada mediante la Ley Núm. 83 de 2 de mayo de 1941, según enmendada. Tiene el fin de proveer energía eléctrica de forma confiable, para hacer la misma asequible a los habitantes de Puerto Rico, en la forma económica más amplia, impulsar por este medio el bienestar general y aumentar el comercio y la prosperidad maximizando los beneficios y minimizando los impactos sociales, ambientales y económicos.

Puerto Rico, en un periodo de 10 años, ha sufrido una contracción económica de 14.6% y la pérdida de cientos de miles de habitantes. El problema principal que afecta a nuestra economía es la pérdida poblacional e industrias. Muchos estudios como el realizado por el *World Economic Forum*, el Informe Krueger y el informe de la Junta de Supervisión Fiscal, a la fecha de su publicación reflejaron los siguientes problemas: leyes laborales restrictivas; un sistema de permisos oneroso y arcaico; un sistema contributivo complicado y que no incentiva la producción; y un costo energético demasiado alto que no nos permite competir en generación de inversión local y de afuera.

Esta, ha trabajado con estos problemas. La Ley Núm. 4-2017 constituye una transformación laboral comprensiva que hace a Puerto Rico una jurisdicción abierta a los negocios. Tal y como le prometimos al Pueblo en el Plan para Puerto Rico, se aprobó la Ley Núm. 19-2017, conocida como la "Ley para la Reforma del Proceso de Permisos de Puerto Rico", y pronto se presentarán reformas energéticas y contributivas.

La AEE sufre problemas serios que no han sido capaz de corregir, tales como: el alto costo de energía, producción de energía con alto costo ambiental que depende mayormente del petróleo, una deuda inmanejable, y la falta de acceso al mercado para realizar las reformas necesarias en generación y transmisión de energía.

*DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:*

Artículo 1.-Se deroga el inciso (a) actual y se sustituye por un nuevo inciso (a), se deroga el inciso (b) actual y se sustituye por un nuevo inciso (b), y se enmiendan los incisos (c) y (f), de la Sección 4 de la Ley Núm. 83 de 2 de mayo de 1941, según enmendada, para que lean como sigue:

"Sección 4.-Junta de Gobierno.

Los poderes de la Autoridad se ejercerán y su política general y dirección estratégica se determinará por una Junta de Gobierno, que será su ente rector, en adelante llamada la Junta.

(a) Nombramiento y composición de la Junta.- La Junta de Gobierno estará compuesta por siete (7) miembros. El Gobernador de Puerto Rico nombrará, con el consejo y consentimiento del Senado, tres (3) de los siete (7) miembros que compondrán la Junta. Dichos miembros nombrados por el Gobernador con el consejo y consentimiento del Senado serán seleccionados de una lista de, por lo menos, diez (10) candidatos presentada al Gobernador y preparada por una firma reconocida para la búsqueda de talento ejecutivo para juntas directivas en instituciones de tamaño, complejidad y riesgos similares a la Autoridad. La identificación de candidatos por dicha firma se realizará de acuerdo a criterios objetivos de trasfondo educativo y profesional. Los criterios de trasfondo educativo y profesional deberán incluir, como mínimo, el campo de la ingeniería eléctrica, la administración de empresas, economía y finanzas o legal, con no menos de diez (10) años de experiencia en su campo laboral. Además, estos deberán tener pericia en asuntos de energía y no podrán ser empleados públicos, excepto el ser profesor de la Universidad de Puerto Rico. Esta lista incluirá, en la medida en que estén disponibles, al menos cinco (5) residentes de Puerto Rico. El Gobernador, dentro de su plena discreción, evaluará la lista de candidatos recomendados y escogerá tres (3) personas de la lista. Si el Gobernador rechazare alguna o todas las personas recomendadas, la referida firma de búsqueda de talento estará obligada a someter una nueva lista dentro de los siguientes treinta (30) días calendario. El Gobernador podrá utilizar la lista más reciente previamente presentada para su consideración de candidatos de ser necesario llenar una vacante causada por renuncia, muerte, incapacidad, destitución o reemplazo ocurrido dentro del término original del miembro que se sustituye. El mecanismo de identificación de candidatos por una firma reconocida en la búsqueda de talento ejecutivo estará en vigor por un periodo de quince (15) años, en cuyo momento la Asamblea Legislativa evaluará si habrá de continuar o dejar sin efecto tal mecanismo. De la

Asamblea Legislativa dejar sin efecto este mecanismo de selección, se procederá a determinar cuál será el método de nombramiento a utilizarse. El mecanismo provisto en esta Ley continuará en vigor hasta que la Asamblea Legislativa disponga lo contrario.

Tres (3) de los siete (7) miembros serán elegidos por el Gobernador a su sola discreción, entre los cuales se incluirá un (1) miembro que será independiente. Este miembro independiente deberá tener pericia en asuntos energéticos y no podrá ser empleado del Gobierno de Puerto Rico; el término de su nombramiento será el mismo que se identifica en esta Ley para el resto de los miembros de la Junta.

El miembro restante será un representante del interés de clientes, quien se elegirá mediante una elección que será supervisada por el Departamento de Asuntos del Consumidor (DACO) y que se celebrará bajo el procedimiento dispuesto en el inciso (c) de esta Sección, debiendo proveer la Autoridad las instalaciones y todos los recursos económicos necesarios a tal fin. El candidato a representante de los clientes, entre otros requisitos, deberá contar con un trasfondo educativo y profesional, de no menos de diez (10) años de experiencia en su campo profesional. Los criterios de trasfondo educativo y profesional deberán incluir, como mínimo, el campo de la ingeniería eléctrica, la administración de empresas, o economía y finanzas. Además, éste deberá tener pericia en asuntos de energía y no podrá ser empleado público, excepto de ser profesor del Sistema de la Universidad de Puerto Rico.

Los miembros nombrados por el Gobernador con el consejo y consentimiento del Senado tendrán términos de cinco (5) años. Así también, dicho término de cinco (5) años le será de aplicación tanto al miembro independiente nombrado por el Gobernador a su sola discreción, como al miembro representante del cliente. No obstante, los dos (2) miembros restantes nombrados por el Gobernador a su sola discreción serán de libre remoción, ocuparán sus cargos por los términos establecidos por el Gobernador, y podrán ser sustituidos por éste en cualquier momento.

Ningún miembro de la Junta de Gobierno podrá ser designado o electo para dicho cargo por más de tres (3) términos consecutivos. A los miembros de la Junta no les aplicarán las disposiciones del Artículo 5.1 de la Ley Núm. 1-2012, según enmendada.

Toda vacante en los cargos de los miembros que nombra el Gobernador se cubrirá por nombramiento de éstos por el término que falte

8

para la expiración del nombramiento original del mismo modo en que se seleccionaron. La designación del sustituto deberá realizarse dentro de los seis (6) meses de ocurrida la vacante. No obstante, de ocurrir una vacante en el cargo del miembro electo como representante de los clientes, la misma se cubrirá mediante el proceso de elección reglamentado por el DACO, dentro de un período de ciento veinte (120) días a partir de la fecha de ocurrir dicha vacante, y comenzará a transcurrir un nuevo término de cinco (5) años.

Los miembros independientes y el miembro electo estarán sujetos a los requisitos de independencia bajo las Reglas Finales de Gobierno Corporativo de la Bolsa de Valores de Nueva York (NYSE). No podrá ser miembro de la Junta persona alguna, incluido el miembro que representa el interés de los clientes, que: (i) sea empleado, empleado jubilado o tenga interés económico sustancial, directo o indirecto, en alguna empresa privada con la cual la Autoridad otorgue contratos o con quien haga transacciones de cualquier índole, incluyendo el tomar dinero a préstamo o proveer materia prima; (ii) en los tres (3) años anteriores a su cargo haya tenido una relación o interés comercial en alguna empresa privada con la cual la Autoridad otorgue contratos o haga transacciones de cualquier índole; (iii) sea empleado, miembro, asesor o contratista de cualquiera de los sindicatos de trabajadores de la Autoridad; (iv) no haya provisto la certificación de radicación de planillas correspondientes a los últimos cinco (5) años contributivos, la certificación negativa de deuda emitida por el Departamento de Hacienda, la certificación negativa de deuda con la Autoridad, el Certificado de Antecedentes Penales de la Policía de Puerto Rico, así como las certificaciones negativas de deuda de la Administración para el Sustento de Menores (ASUME) y del Centro de Recaudación de Impuestos Municipales (CRIM) o cumplido con los demás requisitos aplicables a toda persona que desee ser funcionario público; o (v) ningún miembro nombrado por el Gobernador podrá ser un oficial de la AEE ni oficial o director de la "Corporación para la Revitalización de la Autoridad de Energía Eléctrica de Puerto Rico". Disponiéndose, que el solo hecho de ser abonado de la Autoridad no constituirá impedimento para ser miembro de la Junta.

Los miembros de la Junta recibirán por sus servicios aquella compensación que determine la Junta por unanimidad. De no lograr la unanimidad, el Gobernador entonces determinará la compensación de los miembros. Esta compensación será comparable a aquella recibida por miembros de juntas de instituciones en la industria de la energía de tamaño, complejidad y riesgos similares a la Autoridad, tomando en cuenta la naturaleza de la Autoridad como corporación pública del

Gobierno de Puerto Rico, y, en cualquier caso, que sea suficiente para atraer candidatos cualificados.

No obstante a lo anterior, los miembros de la Junta que sean empleados del Gobierno de Puerto Rico, no recibirán compensación alguna por sus servicios, salvo el reembolso de gastos. Para poder recibir reembolso de gastos, cada miembro de la Junta tendrá que presentar un documento que evidencie la reunión o gestión o gasto por la cual se solicita reembolso, y el objetivo de dicha reunión, gestión o gasto. Estos documentos se publicarán en el portal de Internet de la Autoridad.

El cumplimiento por parte de la Junta con estándares de gobernanza de la industria será evaluado por lo menos cada tres (3) años por un consultor reconocido como perito en la materia y con amplia experiencia asesorando juntas directivas de entidades con ingresos, complejidades y riesgos similares a los de la Autoridad. Dicho informe será remitido a la atención del Gobernador. El resumen ejecutivo con los hallazgos y recomendaciones de dicho informe será publicado por la Autoridad en su página de internet.

(b) Organización de la Junta; *quorum*; designación del Director Ejecutivo.

Dentro de los treinta (30) días después de nombrada, la Junta se reunirá, organizará y designará su Presidente y Vicepresidente. En esa misma ocasión designará y fijará la compensación de un Director Ejecutivo y designará, además, un Secretario, ninguno de los cuales será miembro de la Junta. Los trabajos de la Junta podrán realizarse en uno o más comités de trabajo, cuya composición y funciones serán delimitadas por el Presidente de la Junta.

La Junta podrá delegar en un Director Ejecutivo o en los otros funcionarios, agentes o empleados de la Autoridad, aquellos poderes y deberes que estime propios. El Director Ejecutivo será el funcionario ejecutivo de la Autoridad, y será responsable por la ejecución de la política que establezca la Junta y por la supervisión general de las fases administrativas y operacionales de la Autoridad.

La Junta tendrá la potestad de contratar, a través del Director Ejecutivo, aquellos asesores independientes que de tiempo en tiempo necesite para poder descargar de manera óptima sus funciones bajo esta Ley. La Autoridad contará con un auditor general, que será empleado de la Autoridad, pero que informará sus hallazgos directamente a la Junta con total independencia de criterio, y le suplirá la información necesaria y

10

se reunirá periódicamente con el Comité de Auditoría creado en virtud de esta Ley.

Cuatro (4) miembros de la Junta constituirán *quorum* para conducir los negocios de ésta y para cualquier otro fin. Todo acuerdo de la Junta se tomará por no menos de la mayoría de los miembros presentes en la reunión donde se haya constituido *quorum*, independientemente de si existe inhibición de alguno de los presentes. *El quorum* se establecerá al momento de comenzar la reunión y la misma podrá proseguir aun cuando alguno de los miembros abandone la reunión después de comenzada. No obstante, no se podrá tomar decisión alguna si al momento de la votación no existe *quorum*.

Mientras se celebra la elección para elegir al representante del cliente conforme a esta nueva estructura de la Junta, permanecerá vacante la posición de miembro electo. No obstante, luego de la vigencia de esta Ley, y mientras se nombran y confirman los miembros que requieren consentimiento del Senado y se elige al miembro electo, por un periodo de ciento ochenta (180) días, los miembros de la Junta nombrados por el Gobernador podrán constituir *quorum*. Durante este periodo, las decisiones serán tomadas por la mayoría de los miembros que estén en función.

Las reuniones ordinarias y extraordinarias de la Junta deben ser transmitidas simultáneamente por Internet y expuestas posteriormente en el portal de Internet de la Autoridad, con excepción de aquellas reuniones o momentos de una reunión en que se vayan a discutir temas, tales como: (i) información que sea privilegiada a tenor con lo dispuesto en las Reglas de Evidencia de Puerto Rico; (ii) información relacionada con la negociación de convenios colectivos, con disputas laborales o con asuntos de personal, tales como nombramientos, evaluaciones, disciplina y despido; (iii) ideas en relación con la negociación de potenciales contratos de la Autoridad o con la determinación de resolver o rescindir contratos vigentes; (iv) información sobre estrategias en asuntos litigiosos de la Autoridad; (v) información sobre investigaciones internas de la Autoridad mientras éstas estén en curso; (vi) aspectos sobre la propiedad intelectual de terceras personas; (vii) secretos de negocios de terceras personas; (viii) asuntos que la Autoridad deba mantener en confidencia al amparo de algún acuerdo de confidencialidad; o (ix) asuntos de seguridad pública relacionados con amenazas contra la Autoridad, sus bienes o sus empleados. Igualmente, los miembros de la Junta y participantes en las reuniones no transmitidas por las razones antes expuestas, mantendrán de forma confidencial lo discutido en dichas reuniones hasta que la razón

11

para la confidencialidad haya dejado de existir o estén obligados por ley a divulgar dicha información. En la medida en que sea posible, la transmisión deberá proyectarse en vivo, en las oficinas comerciales de la Autoridad, y la grabación deberá estar disponible en el portal de Internet de la Autoridad durante el próximo día laborable después de la reunión. Toda grabación deberá mantenerse accesible en el portal de Internet de la Autoridad por un término que no sea menor de seis (6) meses desde la fecha que fue inicialmente expuesta. Transcurrido dicho término, las grabaciones serán archivadas en algún lugar al cual la ciudadanía pueda tener acceso para estudio posterior.

La Autoridad deberá anunciar en su portal de Internet y en sus oficinas comerciales, el itinerario de las reuniones ordinarias de la Junta de Gobierno junto con la agenda de la última reunión de la Junta y la agenda de la próxima. Se publicarán, además, las actas de los trabajos de las reuniones ordinarias y extraordinarias de la Junta en el portal de Internet de la Autoridad, una vez sean aprobadas por la Junta en una reunión subsiguiente. Previo a la publicación de las actas, la Junta también deberá haber aprobado la versión de cada acta a ser publicada, que suprimirá: (i) información que sea privilegiada a tenor con lo dispuesto en las Reglas de Evidencia de Puerto Rico; (ii) información relacionada con la negociación de convenios colectivos, con disputas laborales o con asuntos de personal, tales como nombramientos, evaluaciones, disciplina y despido; (iii) ideas en relación con la negociación de potenciales contratos de la Autoridad o con la determinación de resolver o rescindir contratos vigentes; (iv) información sobre estrategias en asuntos litigiosos de la Autoridad; (v) información sobre investigaciones internas de la Autoridad mientras éstas estén en curso; (vi) aspectos sobre la propiedad intelectual de terceras personas; (vii) secretos de negocios de terceras personas; (viii) asuntos que la Autoridad deba mantener en confidencia al amparo de algún acuerdo de confidencialidad; o (ix) asuntos de seguridad pública de la Autoridad, sus bienes o sus empleados, o relacionados a amenazas contra éstos. El Secretario propondrá a la Junta, para su aprobación, el texto del acta y propondrá el texto que se suprimirá en la versión que se publicará. Se entenderá por la palabra "acta" la relación escrita de lo sucedido, tratado o acordado en la Junta.

En caso de conflicto entre las disposiciones de esta Sección y las disposiciones de la Ley Núm. 159-2013, según enmendada, que ordena a todas las corporaciones e instrumentalidades públicas de Puerto Rico a transmitir en su portal de Internet las reuniones de sus Juntas, prevalecerán las disposiciones de esta Ley sobre las de aquella.

La Autoridad publicará en el portal de Internet todos los contratos, incluyendo *exhibits* y anejos, perfeccionados por la Autoridad, detallando una relación de las partes, la causa y el objeto de dichos contratos. Los contratos se publicarán dentro de un periodo de diez (10) días calendario de haberse firmado. La Autoridad tendrá que publicar todos los contratos, independientemente de si éstos están exentos de radicación ante la Oficina del Contralor de Puerto Rico. No obstante, la Autoridad no divulgará información considerada confidencial, como, por ejemplo, el número de Seguro Ssocial del contratista, información que constituya secretos de negocio o asuntos similares a los enumerados anteriormente que no serían objeto de divulgación si fueran discutidos en una reunión de Junta.

Al menos una vez al año, la Junta celebrará una reunión pública en donde atenderán preguntas y preocupaciones de los clientes y la ciudadanía en general. En dicha reunión, los asistentes podrán hacer preguntas a los miembros de la Junta sobre asuntos relacionados con la Autoridad. La reunión se anunciará con al menos cinco (5) días laborales de anticipación en un periódico de circulación general y en la página de Internet de la Autoridad. El miembro de la Junta que sea representante de los clientes podrá realizar reuniones públicas adicionales con sus representados como parte del ejercicio de sus funciones como miembro de la Junta. Dichas reuniones deberán ser coordinadas con el Presidente de la Junta.

(c) Procedimiento para la elección del representante del interés de los clientes.-

(1) ...

(2) En o antes de los ciento veinte (120) días previos a la fecha de vencimiento del término del representante del interés de los clientes en la Junta de Gobierno de la Autoridad, el Secretario del DACO emitirá una convocatoria a elección, en la que especificará los requisitos para ser nominado como candidato a miembro de la Junta como el representante de los intereses de los clientes. La convocatoria deberá publicarse mediante avisos en los medios de comunicación, en los portales de Internet de la Autoridad y del DACO, y enviarse junto con la facturación que hace la Autoridad a sus abonados.

(3) El Secretario del DACO diseñará y distribuirá un formulario de Petición de Nominación, en el cual todo aspirante a ser nominado

como candidato hará constar bajo juramento su nombre, circunstancias personales, dirección física, dirección postal, teléfono, lugar de trabajo, ocupación, experiencias de trabajo previas que sean relevantes, preparación académica y número de cuenta con la Autoridad. En la petición para comparecer como representante de los intereses del cliente se incluirán la firma de no menos de treinta (30) abonados residenciales, con su nombre, dirección y número de cuenta con la Autoridad, y diez (10) abonados comerciales y diez (10) abonados industriales con el número de cuenta y el nombre, título y firma de un oficial autorizado de dicho abonado, que endosan la nominación del peticionario. Se incluirá, además, una carta en papel timbrado y firmada por un (1) oficial de cada abonado comercial o industrial, certificando el endoso de dicho abonado al candidato. Estos formularios deberán estar disponibles para ser completados en su totalidad, en formato digital por los aspirantes, en los portales de Internet de la Autoridad y del DACO.

El Secretario del DACO incluirá en el reglamento un mecanismo de validación de endosos de conformidad con los propósitos de esta Ley. El reglamento dispondrá que los resultados del proceso de validación de endosos serán certificados por un notario. Igualmente, en dicho reglamento se incluirán los requisitos que, de conformidad con esta Ley y otras leyes aplicables, deberán tener los candidatos. Todo candidato deberá ser cliente *bona fide* de la Autoridad.

(4) En o antes de los noventa (90) días previos a la fecha de vencimiento del término del representante del interés de los clientes, el Secretario del DACO certificará como candidatos a los siete (7) peticionarios que hayan sometido el mayor número de endosos, y que hayan cumplido con los demás requisitos establecidos en este inciso. Disponiéndose que, cada uno de los candidatos seleccionados podrá designar a una persona para que lo represente en los procedimientos y durante el escrutinio.

(5) En o antes de los sesenta (60) días previos a la fecha de vencimiento del término del representante del interés de los clientes el Secretario del DACO, en consulta con el Secretario de la Junta de Gobierno de la Autoridad, procederá con el diseño e impresión de la papeleta al escrutinio. El diseño de la papeleta para representante del interés de los clientes deberá incluir un espacio para la firma del cliente votante y un espacio para que el cliente escriba su número de

14

cuenta y la dirección postal en la que recibe la factura de la Autoridad por el servicio eléctrico; la papeleta para los clientes comerciales o industriales incluirá un espacio donde el abonado incluirá su número de cuenta y el nombre, título y firma de un oficial autorizado a emitir el voto a nombre de dicho abonado. La papeleta deberá advertir que el voto no será contado si el cliente omite firmar su papeleta y escribir su número de cuenta.

(6) ...

(7) Cada uno de los candidatos seleccionados como representante de los intereses de los clientes designará a una persona para que le represente en estos procedimientos, y estas personas, junto a un representante del Secretario del DACO y un representante del Secretario de la Junta, constituirán un Comité de Elección, que será presidido y dirigido por el representante del Secretario del DACO.

(8) ...

(9) ...

(10) El Comité de Elección, durante los diez (10) días siguientes a la fecha límite para el recibo de las papeletas, procederá a realizar el escrutinio y notificará el resultado al Secretario del DACO, quien certificará el candidato electo y notificará la certificación al Gobernador de Puerto Rico y al Presidente de la Junta.

(d) ...

(e) ...

(f) Desempeño y conducta.

Sin limitar las disposiciones generales de conducta y deberes éticos y de fiducia que dispone esta Ley, incluyendo el deber de confidencialidad que se dispone en el inciso (b) de esta Sección, ningún miembro de la Junta podrá:

(i) ...

(ii) ...

(iii) ...

(iv) ...

(v) ...

Sin que se pueda interpretar como una limitación a las facultades conferidas al Gobernador de Puerto Rico bajo la Ley Núm. 3-2017, el Gobernador podrá destituir cualquier miembro de la Junta por las siguientes causas:

(i) ...

(ii) ...

(iii) ...

(iv) ...

(v) ...

(vi) ...

(vii) ...

(viii) ...

(ix) ...

(x) violación a la Ley de Ética Gubernamental, Ley Núm. 1-2012, según enmendada;

(xi) ...

(xii) ...

También podrán ser separados de sus cargos por causa de incapacidad física o mental para ejercer sus funciones, en cuyo caso no se considerará una destitución.

(g) ...

(h) ...".