# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br><br>Title III<br><br>No. 17-BK-4780-LTS |

## JOINT STATUS REPORT OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO AND OTHER PARTIES IN INTEREST REGARDING CONFIRMATION SCHEDULE

---

[1]The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801). Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.

**To the Honorable United States District Judge Laura Taylor Swain:**

In the *Order Concerning Joint Status Report of the Financial Oversight and Management Board for Puerto Rico and Other Parties in Interest Regarding Confirmation Schedule* [ECF No. 3934] (the "August 30 Order"), the Court directed the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and other parties in interest to file a joint status report (the "Joint Status Report") with a proposed litigation schedule for confirmation proceedings for the *Third Amended Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3918] (as it may be amended, supplemented, or modified, the "Plan") and a consensual or substantially consensual proposed order implementing that proposed schedule and addressing any additional procedural issues.  August 30 Order at 1-2.

This Joint Status Report is being submitted by counsel for the following parties:

(i)      The Oversight Board;

(ii)     National Public Finance Guarantee Corporation ("National");

(iii)    The Fuel Line Lenders ("FLL");

(iv)    The Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF");

(v)     The Majority Member PREPA Ad Hoc Group (the "Majority Member AHG");

(vi)    Invesco Advisers, Inc., as investment adviser/agent on behalf of certain funds and/or accounts advised by it ("Invesco");

(vii)   U.S. Bank National Association (the "Trustee");

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(viii)   Assured  Guaranty  Corp.  and  Assured  Guaranty  Municipal  Corp.  (together,
        "Assured");

(ix)    Syncora Guarantee Inc. ("Syncora");

(x)     GoldenTree Asset Management LP ("GoldenTree");

(xi)    The Official Committee of Unsecured Creditors (the "Committee");

(xii)   The Ad Hoc Committee of National Claim Assignees (the "Ad Hoc Committee");

(xiii)  Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER");

(xiv)   Sistema  de  Retiro  de  los  Empleados  de  la  Autoridad  de  Energía  Eléctrica
        ("SREAEE");

(xv)    Instituto de Competitividad y Sostenibilidad Económica de Puerto Rico ("ICSE");

(xvi)   PV Properties, Inc. ("PV Properties"); and

(xvii)  The Environmental Non-Profits.[3]

## I.    BACKGROUND

1.      On June 23, 2023, the Oversight Board filed the *Informative Motion of the
Financial Oversight and Management Board for Puerto Rico Listing Primary Amendments to Title
III Plan of Adjustment in Connection with Certification of 2023 PREPA Fiscal Plan* [ECF No.
3793].  Therein, the Oversight Board described the amendments required to make the *Modified
Second Amended Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3296]

---

[3] The "Environmental Non-Profits" are Comité Diálogo Ambiental, Inc., El Puente de
Williamsburg, Inc.-Enlace de Acción Climática, Comité Yabucoeño Pro-Calidad de Vida, Inc.,
Alianza Comunitaria Ambientalista del Sureste, Inc., Sierra Club Puerto Rico, Inc., Mayagüezanos
por la Salud y el Ambiente, Inc., Coalición de Organizaciones Anti Incineración, Inc., and Amigos
del Río Guaynabo, Inc.

consistent with the 2023 PREPA Fiscal Plan.[4]  Since that time, the Oversight Board reached settlements not contemplated by the plan amendments it initially described.

2.      On June 28, 2023, the Court entered its *Order Setting Interim Litigation Deadlines Concerning Proposed Third Amended Plan of Adjustment* [ECF No. 3820] (the "Interim Scheduling Order") establishing certain deadlines in connection with the Plan, including for the Oversight Board to file the Plan and "an informative motion concerning its position as to whether approval of an amended or supplemental disclosure statement and re-solicitation is necessary" by July 14, 2023.  Interim Scheduling Order at 2.  Additionally, the Court directed the parties to meet and confer and file a joint status report by July 19, 2023, with a proposed litigation schedule for confirmation proceedings (including the schedule for any necessary litigation concerning amendments or supplements to the disclosure statement and/or re-solicitation).  *Id.*

3.      To facilitate negotiations with mediation parties regarding treatment under the Plan, the Oversight Board requested, and the Court granted, several extensions of the deadlines established in the Interim Scheduling Order.  *See* ECF Nos. 3842, 3861, 3877, 3881, 3892.

4.      On August 25, 2023, the Oversight Board filed the Plan.

5.      That same day, the Oversight Board filed the *Informative Motion of the Financial Oversight and Management Board for Puerto Rico Regarding Supplemental Disclosure Statement and Re-Solicitation of the Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3920] (the "Solicitation Informative Motion").  Therein, the Oversight Board informed the Court it will file a supplement to the *Disclosure Statement for Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3297] explaining, among other things, certain aspects of the 2023 PREPA Fiscal Plan, as well as the new claim

---

[4] The 2023 PREPA Fiscal Plan is available at https://oversightboard.pr.gov/fiscal-plans-2/.

treatments under the Plan, and the new settlements (the "Supplement to the Disclosure Statement").  Additionally, the Solicitation Informative Motion stated the Oversight Board would file and seek approval of the Supplement to the Disclosure Statement and resolicit votes on the Plan.

6.      On August 29, 2023, the Oversight Board and parties in interest filed the *Joint Status Report of the Financial Oversight and Management Board for Puerto Rico and Other Parties in Interest Regarding Confirmation Schedule* [ECF No. 3925].  Therein, the parties presented the Court with proposed confirmation schedules and statements regarding their position on the schedule and related topics.

7.      At the August 30, 2023 omnibus hearing, the Court heard from counsel for the Oversight Board and parties in interest regarding the proposed confirmation schedules.  Without ruling on the schedule, the Court provided guidance and direction on several contested issues and ordered the parties to file this Joint Status Report and a proposed order.

## II.    PARTIES' POSITIONS[5]

### Oversight Board's Statement:

8.      By email on the morning of September 2, 2023, counsel for the Oversight Board provided counsel for the parties in interest its proposed confirmation schedule.

9.      In the evening of September 5, 2023, counsel for GoldenTree, Assured, Syncora, Invesco, the Trustee, and the Committee responded with a counterproposal (as later amended, the "Counterproposal").  Counsel for UTIER and SREAEE also joined the Counterproposal and provided additional comments.  Additionally, earlier that day counsel for ICSE and PV Properties

---

[5] National, the Ad Hoc Committee, UTIER, SREAEE, ICSE, and PV Properties had no comments.  Counsel for the Majority Member AHG and the Environmental Non-Profits did not respond in time to include their position in this Joint Status Report.

sent counsel for the Oversight Board a memorandum stating no comments on the schedule but that
discovery should not be limited to changes in the Plan from its previous iteration, and the Oversight
Board has removed any such limitations from its proposal.

10.     On September 6, 2023, counsel for the Oversight Board responded with a revised
proposed confirmation schedule.  The parties subsequently exchanged further counterproposals
and met and conferred in the morning of September 7, 2023.  The parties have now substantially
agreed on the majority of relevant procedural deadlines.  Having reviewed the other parties'
submissions, the Oversight Board is compelled to note that it sent its initial proposal on the
morning of Saturday, September 2.  It did not receive a response until 8pm on Tuesday, September
5 at 8:43pm.  It responded promptly to that proposal, by Wednesday, September 6 at 3:34pm, and
of course made itself available to confer by telephone.  The Oversight Board conferred with the
other parties in interest in good faith at 11:30am this morning, but the parties were unable to reach
further agreement.   The Oversight Board's proposal is attached hereto as **Exhibit 1**, and the
parties' correspondence is attached hereto as **Exhibit 2**.

11.     A few key differences remain, however, which could not be resolved consensually:

a.  Deadline to file the Best Interest Test ("BIT") report:  The Counterproposal sets
a deadline of September 15, 2023, for the Debtor to submit the BIT report,
which is the same day the Debtor has proposed for filing the Supplement to the
Disclosure Statement and Supplement to the Disclosure Statement Solicitation
Motion.  The Oversight Board's initial scheduling proposal and its revised
proposal set the deadline for the BIT report on September 29, 2023.  The BIT
report is being prepared by the Oversight Board's advisor, McKinsey.  Under
the Oversight Board's proposal, parties in interest will still have two weeks
before the Supplement to the Disclosure Statement Objection Deadline to
review the BIT report.  Notably, the initial BIT report was filed subsequent to
the original Disclosure Statement (on January 27, 2023) [ECF No. 3169].  That
date was one week before the disclosure statement objection deadline.  In the
Oversight Board's current proposal, the BIT will be filed two (2) weeks before
the objection deadline.

      b. <u>Deadline for all parties to serve notices of deposition for fact witnesses</u>: The Counterproposal sets a deadline of November 1, 2023 for parties to serve notices of deposition for fact witnesses, whereas the Oversight Board's proposal sets a deadline of October 13, 2023, which is two weeks after the proposed deadline for non-Debtor parties to file preliminary fact witness lists (September 29) and three weeks after the deadline for Debtor to file its supplemental preliminary fact witness list (September 15). Consistent with past practice, fact depositions should be concluded by the close of fact discovery, absent good cause shown. The Oversight Board's proposal provides for over a month between the deadline to serve fact notices of deposition and the close of fact discovery (November 17, 2023) for the depositions to occur. The Oversight Board's proposal also acknowledges that additional notices of deposition may be served for good cause; for example, if after October 13, a party in interest determines that a witness not identified on the witness lists should be noticed for deposition.

      c. <u>Confirmation objection deadlines</u>: The Counterproposal sets a deadline of February 2, 2024, for parties in interest to file objections to confirmation of the Plan, and February 12, 2024—a mere 10 days later—for the Debtor to file an omnibus reply to Plan objections. The Oversight Board received hundreds of confirmation objections to the Modified Second Amended Plan of Adjustment and has no reason to expect anything different here. A 10-day reply period for the Debtor does not provide enough time, particularly in light of the lengthy and substantive Plan objections parties in interest will likely file. By contrast, the Oversight Board's proposal allows for three weeks between the filing of Plan objections and the Debtor's omnibus reply. The Oversight Board submits this three-week period is necessary to enable it to prepare an omnibus reply that is more thorough and helpful to the Court. In addition, the parties' proposals contain several minor differences in the deadlines for fact and expert discovery, which are driven by the parties' differences on the confirmation objection deadlines.

      d. <u>*Daubert* and *in limine* motion deadlines</u>: Under either proposal, the Oversight Board believes it is reasonable for *all* parties to have two weeks to object to *Daubert* and *in limine* motions. The Counterproposal currently allows for one week, and counsel for the parties in interest and the Oversight Board were unable to reach a compromise providing for two weeks to file objections.

      e. <u>RSA Joinder deadlines</u>: The Counterproposal included a deadline for the RSA joinder, as well as a deadline for the Debtor to disclose the results of that joinder. The dates for that solicitation are not yet finalized and will depend in part on the schedule ordered by the Court for approval of the Disclosure Statement. However, this solicitation process is not part of the court-ordered process for confirmation; it is a separate transaction initiated by the Debtor, and there is therefore no basis for its deadlines to be incorporated into a court order. The Oversight Board is, of course, cognizant of the Court's guidance that the

solicitation must remain open beyond the Disclosure Statement hearing, and it will inform the Court and the parties regarding the commencement of this settlement offer and the deadline for signing joinders to accept it when those dates are established by the Oversight Board.

12.     A form of order entering the proposed schedule is attached hereto as **Exhibit 3**.

**GoldenTree, Syncora, Invesco, Trustee, and Assured's Statement:**

13.     GoldenTree, Assured, Syncora, Invesco and the Trustee exchanged proposals and met and conferred with PREPA in good faith to submit a schedule to the Court on a consensual basis.  Although the parties agreed on a number of deadlines, a number of disputes could not be resolved principally because of PREPA's insistence that it be allotted three full weeks to reply to plan objections while proposing that objectors have a mere three days from the close of discovery to file plan objections—after PREPA also compressed the front-end of the schedule for us by taking the atypical approach of submitting its Best Interest Test two weeks after the Disclosure Statement (even though last week, PREPA was prepared to file the analysis with the Disclosure Statement (ECF 3925-1) and two weeks earlier).

14.     PREPA is the party seeking expedition, but proposes non-expedited deadlines for its work while unreasonably compressing the deadlines for objectors, needlessly clustering the objectors' deadlines around the holidays.   As the party seeking expedition, PREPA needs to shoulder its fair share of the burden, and not put it all on the backs of the parties who object to confirmation.  The remaining disputes are as follows:

15.     *Best Interests Test.*  Last week, PREPA submitted a proposed schedule to the Court with a deadline of September 15 for the filing of the Best Interest Test Analysis with the Disclosure Statement.  PREPA now demands an additional two weeks to submit the Best Interest Test Analysis, key information needed for discovery.

16.    *Notices of Deposition.*  PREPA has proposed an unworkable deadline of October 13, 2023 for all parties to serve fact deposition notices.  That date is two weeks *before* the deadline for the substantial completion of PREPA's document production.   The parties plainly need time to receive and review PREPA's production to identify witnesses for deposition.  As the Court noted at the August 30 hearing, "discovery needs to be logical to the entire discovery process, including depositions." (Tr 20:7-8)  PREPA's proposal is not logical.

17.    *Fact Discovery Deadline.*  PREPA's proposed deadline for the completion of fact discovery is November 17, 2024, which is the Friday before Thanksgiving.  That leaves a mere three weeks from the deadline for the substantial completion of document production for parties to review documents, and then prepare for and complete depositions.  The Court has provided guidance that depositions should be conducted at a "reasonable pace," and this timeline would unreasonably compress the time for completing fact discovery, particularly given PREPA's prior history of dragging its feet in providing responsive documents – or withholding them altogether.  Moreover, as addressed above, PREPA has proposed extending its own deadlines for submitting the Best Interests Test analysis, which further shrinks the objectors' already tight timeframe for discovery by delaying the start of discovery on a key issue.  GoldenTree, Assured, Syncora, Invesco, and the Trustee have, therefore, proposed fact discovery end on December 1, 2023.

18.    *Privilege and Redaction Logs.*  PREPA also asserts, without explanation, that it needs two additional weeks beyond the deadline for substantial completion of document productions to submit privilege and redaction logs.  If PREPA wants expedition, there is no reason that these logs cannot be submitted on the same day as PREPA completes it document production.  That said, GoldenTree, Assured, Syncora, Invesco, and the Trustee are amenable to PREPA's proposed deadline of November 8 to submit logs if fact discovery stays open until December 1.

19.     *Expert Discovery.*  PREPA's proposed schedule calls for the submission of rebuttal reports on January 10, 2024 and the conclusion of expert discovery on January 19, 2024.  Seven business days is not enough time to digest rebuttal reports and then prepare for and take expert depositions.  GoldenTree, Assured, Syncora, Invesco and the Trustee have proposed 12 business days after rebuttal expert reports to complete expert depositions, which is already very aggressive. This is especially true since PREPA is unwilling to permit additional deposition time if an expert submits a rebuttal report after a deposition occurs concerning that expert's initial report.  Thus, the expert depositions of necessity (under the Board's proposal) would need to occur within that 7 business day window.

20.     *Plan Objection Deadline.* PREPA's proposal requires parties to file plan objections 3 days after its proposed date for the close of discovery, which falls on a Friday.  In other words, PREPA proposes to provide objectors one weekend to file objections after the close of the of the factual record, which is unreasonable and unnecessary, and stands in sharp contrast to the three weeks that PREPA insists on for its reply to such objections.  We propose that plan objections be filed one week after the completion of discovery.

21.     *Witness Lists / Daubert motions.* PREPA's proposal has final witness lists and *Daubert* motions to be filed five weeks before trial.  We have moved those dates to three weeks before trial and four weeks before trial, respectively, to allow discovery to proceed at a more reasonable (but still highly expedited pace) which should be ample time.

22.     *Solicitation of RSA Joinder.*  In its original proposal, PREPA provided a date to begin soliciting support for the RSA.  As the bondholders noted in the August 29, 2024 Joint Status Report, solicitation of the RSA should not begin without the approval of the Disclosure Statement.  On September 1, 2023 counsel for GoldenTree asked counsel to the Oversight Board

10

to confirm that the Debtor would not solicit agreement for the RSA until after the Disclosure Statement was approved by the Court, and the Debtor did not provide any confirmation.   The correspondence is attached as Exhibits 4 and 5.   During the parties' meet and confer, counsel for PREPA confirmed that PREPA could not commit to waiting until the Disclosure Statement is approved to commence solicitation for the RSA.

23.     Attached as Exhibit 6 is a clean copy of the proposed schedule of GoldenTree, Assured, Syncora, Invesco and the Trustee where we have also highlighted the entries in dispute. Exhibit 7 is a redline copy showing the differences in the proposals.

**Committee's Statement:**

24.     The Committee has evaluated the Oversight Board's revised, proposed schedule and collaborated with certain Bondholders (*i.e.,* GoldenTree, Syncora, Invesco, and Assured) to prepare two rounds of written counterproposals to the Oversight Board.  The Court's guidance and specific dates/parameters provided during the August 30, 2023 hearing were exceedingly helpful, but the Oversight Board and parties in interest have not reached a consensus.  From a process standpoint, the Court directed the parties to meet and confer, but certain Bondholders' request for availability for a "meet and confer" on September 6 was answered by the Oversight Board with an email that did not provide any times.[6]  Although a meet and confer was ultimately held at 11:30 a.m. (AST) today, the impasse was not resolved in the hours before this status report being due. That impasse is driven, in substantial part, by the Oversight Board's insistence on a 21-day period

---

[6] Instead, at 3:43 p.m. (AST) on September 6, 2023, the Oversight Board responded by stating, in part, "Hopefully we can reach agreement *without the need for a conference call* but we are available if need be" (emphasis added).

to reply to plan objections and the (purported) need to shorten fact discovery (and accelerate expert disclosures and reports) to allow for the Oversight Board's desired outcome.

25.    The Committee believes the schedule proposed by certain Bondholders and developed with the Committee's input is feasible, practical, and reasonable—making it far superior to the alternative put forth by the Oversight Board.  The Oversight Board's proposed schedule: (i) seemingly engineers bottlenecks to disadvantage the parties in interest; and (ii) needlessly compresses events with a pace that is unattainable (as informed by the progression of discovery under the preceding plan confirmation schedule).  A non-exhaustive list of flaws within the Oversight Board's schedule includes:

    i.   The Oversight Board's proposal would provide the Best Interests Test on September 29, 2023 (a full two weeks after the Supplement to the Disclosure Statement).  On the Oversight Board's timeline, the parties in interest would be required to serve their requests for production (absent "good cause shown") by September 22, 2023 (a full *week before receiving* the Best Interests Test), and the "witness lists and topics about which each witness is expected to testify" are due the *same day* as receiving the Best Interests Test.

   ii.   The Oversight Board's proposal sets the deadline for "fact notices of deposition, topics and requested times for deposition" on October 13, 2023.  This date is 12 days *prior* to "substantial completion of document productions" (much less any opportunity for the parties in interest to analyze those productions) and just three weeks after the deadline for *serving* requests for production (again, allowing

12

no time for the parties in interest to make use of what, *if anything*, the Oversight Board makes available in roughly the next month).

iii. With "substantial completion of document production" occurring on October 25, 2023, the Oversight Board proposes the close of fact discovery *just 23 days* later (on November 17, 2023).  In the span of roughly three weeks, the Oversight Board expects the parties in interest to analyze all documents produced, *resolve all discovery disputes that arise*, and prepare for and complete all depositions of fact witnesses.  Expert disclosures are due the *same day* that fact discovery closes: November 17, 2023.

iv. Ramping-up the breakneck pace further, the Oversight Board's proposal demands opening expert reports be filed on December 1, 2023 (just two weeks after the close of fact discovery).  *One of those two weeks is the week of Thanksgiving*, perhaps best illustrating the inequality between the Oversight Board (whose experts are anticipated to have unfettered and prompt access to the data and documents needed for their analysis and reports, outside of discovery) with the parties in interest (who must *await* substantial completion of document production and *await* explanations from fact witness depositions).

v. After a flurry of activity in November 2023, December 2023 (and even early January 2024) epitomize the "hurry up and wait" approach of the Oversight Board's proposal.  Following opening expert reports on December 1, 2023, rebuttal expert reports are not due until January 10, 2024 (40 days later).  When this lull ends, the rushed pace resumes:  expert discovery would close on January 19, 2024 (meaning experts serving rebuttal reports would need to be deposed in

13

just 7 business days—because the Oversight Board is refusing to produce their experts for deposition more than once, even when those experts provide both opening *and* rebuttal reports).  Both *Daubert* motions and motions *in limine* are then due on January 26, 2024 (just one week after expert discovery closes).

26.     The Committee urges the Court to enter the schedule leading to a confirmation hearing as proposed by certain Bondholders (and rejecting the Oversight Board's competing schedule).

**<u>AAFAF's Statement:</u>**

27.     AAFAF supports the Oversight Board's schedule as it believes that an expeditious schedule best serves PREPA's and the people of Puerto Rico's needs. AAFAF reserves the right to be heard on scheduling matters and to fully participate in all matters related to plan confirmation.

**<u>FLL's Statement:</u>**

28.     The FLL have no comment on the proposals.

14

Dated: September 7, 2023
New York, New York

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Julia D. Alonzo
Laura Stafford
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board, as representative for
PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board, as
representative for PREPA*

15

**O'MELVENY & MYERS LLP**

*/s/ Maria J. DiConza*
John J. Rapisardi
Maria J. DiConza
(Admitted *Pro Hac Vice*)
Gabriel L. Olivera
USDC No. 303314
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: jrapisardi@omm.com
        mdiconza@omm.com
        golivera@omm.com

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
Email: pfriedman@omm.com

-and-

Elizabeth L. McKeen
Ashley M. Pavel
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
Email: emckeen@omm.com
        apavel@omm.com

*Attorneys for the Puerto Rico Fiscal Agency*
*and Financial Advisory Authority*

**MARINI PIETRANTONI MUÑIZ LLC**

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
250 Ponce de León Ave., Suite 900
San Juan, Puerto Rico 00918
Telephone: (787) 705-2171
Facsimile: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency*
*and Financial Advisory Authority*

16

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico  00918
P.O. Box 364225
San Juan, Puerto Rico  00936-4225
Telephone:  (787) 250-5604
Facsimile:  (787) 759-9225
Email:  nzt@mcvpr.com

*/s/ Amy R. Wolf*
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  rgmason@wlrk.com
         arwolf@wlrk.com
         eakleinhaus@wlrk.com
         akherring@wlrk.com
         mhcassel@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

CÓRDOVA & DICK, LLC                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

/s/ *Brian M. Dick Biascoechea*____    /s/ *Lawrence A. Larose*_____
Brian M. Dick Biascoechea              Lawrence A. Larose (admitted *pro hac vice*)
#403 Calle 12 de Octubre               Benjamin O. Gilbert (admitted *pro hac vice)*
Urb. El Vedado                         30 Rockefeller Plaza
San Juan, PR  00918                    New York, New York  10112
P.O. Box 194021                        Telephone:  (212) 896-0627
San Juan, PR  00919-4021               Facsimile:   (917) 438-6197
Telephone:  (787) 452-6425             Email:  llarose@sheppardmullin.com
USDC No.:  230,903                             bogilbert@sheppardmullin.com
bmd@bmdcounselors.com


*Local Counsel to the Ad Hoc Committee*   *Counsel to the Ad Hoc Committee of National Claim*
*of National Claim Assignees*             *Assignees*

**CASELLAS ALCOVER & BURGOS P.S.C.**

By: */s/ Heriberto Burgos Pérez*
    Heriberto Burgos Pérez
    USDC-PR No. 204,809
    Ricardo F. Casellas-Sánchez
    USDC-PR No. 203,114
    Diana Pérez-Seda
    USDC–PR No. 232,014
    P.O. Box 364924
    San Juan, PR 00936-4924
    Tel.: (787) 756-1400
    Fax: (787) 756-1401
    E-mail:  hburgos@cabprlaw.com
           rcasellas@cabprlaw.com
           dperez@cabprlaw.com

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: */s/ William J. Natbony*
    Howard R. Hawkins, Jr.*
    Mark C. Ellenberg*
    Casey J. Servais*
    William J. Natbony*
    Thomas J. Curtin*
    200 Liberty Street
    New York, New York 10281
    Tel.: (212) 504-6000
    Fax: (212) 406-6666
    Email:  howard.hawkins@cwt.com
           mark.ellenberg@cwt.com
           casey.servais@cwt.com
           bill.natbony@cwt.com
           thomas.curtin@cwt.com

*Admitted Pro Hac Vice

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

**REICHARD & ESCALERA, LLC**

By: */s/  Rafael Escalara*
    Rafael Escalara
    USDC-PR No. 122,609

    */s/  Sylvia M. Arizmendi*
    Sylvia M. Arizmendi
    USDC-PR No. 210,714

    */s/  Carlos R. Rivera-Ortiz*
    Carlos R. Rivera-Ortiz
    USDC–PR No. 303,409
    255 Ponce de León Avenue
    MCS Plaza, 10th Floor
    San Juan, PR 00917-1913
    Tel.: (787) 777-8888
    Fax: (787) 765-4225
    E-mail:  escalara@reichardescalera.com
            arizmendis@reichardescalera.com
            riverac@reichardescalera.com

*Counsel for Syncora Guarantee, Inc.*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/  Susheel Kirpalani*
    Susheel Kirpalani*
    Daniel Salinas
    USDC-PR No. 224,006
    Eric Kay*
    51 Madison Avenue, 22nd Floor
    New York, New York 10010-1603
    Tel.: (212) 849-7000
    Fax: (212) 849-7100
    Email:  susheelkirpalani@quinnemanuel.com
            danielsalias@quinnemanuel.com
            erickay@quinnemanuel.com

*\* Admitted Pro Hac Vice*

*Counsel for Syncora Guarantee, Inc.*

20

**RIVERA, TULLA & FERRER LLC**

*/s/ Eric A. Tulla*
Eric A. Tulla
USDC-DPR No. 118313
Email: etulla@riveratulla.com

Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Tel: (787)753-0438
Fax: (787)767-5784

*Counsel for U.S. Bank National Association, in its Capacity as the PREPA Bond Trustee*

**MASLON LLP**

*/s/ Clark T. Whitmore*
Clark T. Whitmore*
Michael C. McCarthy*
John Duffey*
Jason M. Reed*
90 South Seventh Street, Suite 3300
Minneapolis, MN 55402
Tel.: (612) 672-8200
Fax: (612) 672-8397
Email: clark.whitmore@maslon.com
        mike.mccarthy@maslon.com
        john.duffey@maslon.com
        jason.reed@maslon.com

*\* Admitted Pro Hac Vice*

*Counsel for U.S. Bank National Association, in its Capacity as the PREPA Bond Trustee*

21

_/s/ Luc A. Despins_ _____

PAUL HASTINGS LLP
Luc A. Despins, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
*Counsel to the Official Committee of Unsecured
Creditors*


- and -

_/s/ Juan J. Casillas Ayala_ _____

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR
225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com
*Local Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Lydia M. Ramos Cruz*
Lydia M. Ramos Cruz
USDC-PR 214104
1509 López Landrón Street
American Airlines Building, PH
San Juan, Puerto Rico 00911
Tel.: (787) 508-2525
lramos@ramoscruzlegal.com

*/s/ John K. Cunningham*
Thomas E Lauria (admitted *pro hac vice*)
Glenn M. Kurtz (admitted *pro hac vice*)
Thomas E. MacWright
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel.: (212) 819-8200
Fax: (212) 354-8113
tlauria@whitecase.com
gkurtz@whitecase.com
tmacwright@whitecase.com

John K. Cunningham (admitted *pro hac vice*)
Keith Wofford (admitted *pro hac vice*)
Michael C. Shepherd
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel.: (305) 371-2700
Fax: (305) 358-5744
jcunningham@whitecase.com
kwofford@whitecase.com
mshepherd@whitecase.com

*Co-Counsel for GoldenTree Asset Management LP*



ORTIZ MENDOZA & FARINACCI FERNÓS, LLC
Edificio Banco Cooperativo Plaza
623 Ponce de León Ave., Suite 701-B
San Juan, PR 00917-4820
Tel: 787-963-0404

*/s/ Rafael A. Ortiz-Mendoza*
Rafael A. Ortiz-Mendoza, Esq.
USDC-PR: 229103
rafael.ortiz.mendoza@gmail.com


*Co-counsel to SREAEE*

BUFETE EMMANUELLI, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 787-841-1435

*/s/ Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105
rolando@emmanuelli.law

*/s /Jessica E. Méndez-Colberg*
Jessica E. Méndez-Colberg, Esq.
USDC: 302108
jessica@emmanuelli.law

*/s/ Zoé C. Negrón-Comas*
Zoé C. Negrón-Comas, Esq.
USDC: 308702
zoe@emmanuelli.law
*Counsel to UTIER and Co-counsel
to SREAEE*

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**

*/s/ William W. Kannel*
William W. Kannel (*Pro Hac Vice* forthcoming)
Eric R. Blythe (*Pro Hac Vice* forthcoming)
One Financial Center
Boston, MA 02111
Telephone: (617) 546-6000
BKannel@mintz.com
ERBlythe@mintz.com

-and-

Nathan F. Coco (*Pro Hac Vice* forthcoming)
Dallas G. Taylor (*Pro Hac Vice* forthcoming)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
NFCoco@mintz.com
DGTaylor@mintz.com

*Counsel to Invesco Advisers, Inc., as investment adviser/agent on behalf of certain funds and/or accounts advised by it*

*/s/Fernando E. Agrait*
FERNANDO E. AGRAIT
USDC 127212
EDIFICIO CENTRO DE SEGUROS
701 AVENIDA PONCE DE LEON
OFICINA 414
SAN JUAN, PUERTO RICO 00907
TEL. 787-725-3390/3391
FAX 787-724-0353
EMAIL: agraitfe@agraitlawpr.com

*Counsel for ICSE and PV Properties*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer